No. 25-10515

**IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

CENTER FOR BIOLOGICAL DIVERSITY,

*Petitioner*,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; and

LEE ZELDIN, in his official capacity as Administrator
of the United States Environmental Protection Agency,

*Respondents*,

MOSAIC FERTILIZER, LLC

*Intervenor-Respondent.*

On Petition for Review of an Order of the
Environmental Protection Agency

**SURREPLY BRIEF OF INTERVENOR-RESPONDENT
MOSAIC FERTILIZER, LLC**

Elissa J. Preheim
Elisabeth S. Theodore
Samuel I. Ferenc
ARNOLD & PORTER
  KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 942-5000
Fax: (202) 942-5999
elisabeth.theodore@arnoldporter.com

## CERTIFICATE OF INTERESTED PARTIES AND
## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1(a)(1) and 26.1-2(c), intervenor-respondent Mosaic Fertilizer, LLC, through undersigned counsel, hereby submits this Certificate of Interested Persons and Corporate Disclosure Statement.

- Mosaic Fertilizer, LLC is a Delaware limited-liability company and a wholly-owned subsidiary of The Mosaic Company (NYSE: MOS), a publicly held corporation.

Further, the following is a complete list of interested persons pursuant to Eleventh Circuit Rule 26.1-2(a) that have an interest in the outcome of this appeal:

1. Arnold & Porter Kaye Scholer LLP (Attorneys for Intervenor-Respondent)

2. Center for Biological Diversity (Petitioner)

3. Ferenc, Samuel I. (Attorney for Intervenor-Respondent)

4. Gustafson, Adam (Counsel for Respondents)

5. Luna, Mario Alfonso (Counsel for Respondents)

6. Maher, Ryan (Attorney for Petitioner)

7. McLean, Megan (Counsel for Respondents)

8. Mosaic Fertilizer, LLC (Intervenor-Respondent)

9. Preheim, Elissa J. (Attorney for Intervenor-Respondent)

10. Stander, Robert N. (Counsel for Respondents)

11. The Mosaic Company, MOS (Parent company of Intervenor-Respondent)

12. Theodore, Elisabeth S. (Attorney for Intervenor-Respondent)

13. United States Environmental Protection Agency (Respondent)

14. Whitlock, Ragan (Attorney for Petitioner)

15. Zeldin, Lee; Administrator, Environmental Protection Agency (Respondent)

*/s/ Elisabeth S. Theodore*
Elisabeth S. Theodore

*Counsel for Mosaic Fertilizer, LLC*

**SURREPLY**

Petitioner asserts in its reply brief that Intervenor-Respondent Mosaic Fertilizer, LLC ("Mosaic") failed to notify EPA of its construction schedule, and failed to perform and report the results of required radiological testing before beginning construction of road base containing phosphogypsum. Reply 2, 22-23.

These claims are false. Mosaic fully complied with all of its statutory, regulatory, and project-specific obligations by twice notifying EPA of its anticipated schedule, with the first notice nearly two months *before* commencing construction. Mosaic also submitted the required radium testing results to EPA *before* removing phosphogypsum from its storage location for use in the road project and before building any road base containing phosphogypsum.

### A. Mosaic Complied With the Sampling and Testing Requirements

Petitioner repeatedly asserts that Mosaic failed to conduct the radium sampling required by EPA's approval letter. Reply 2, 22. This is false.

As background, Condition 2 of EPA's pilot approval requires Mosaic to "perform sampling that conforms with [40 C.F.R.] §61.207 on the actual phosphogypsum used for the project prior to its removal from the stack," and to submit that sampling to EPA "prior to the construction of the test road base containing phosphogypsum." App.113.

Mosaic did just that. The samples were collected from the New Wales phosphogypsum stack on July 15, 2025, and Mosaic reported the completed test results to EPA on September 12, 2025.[1] Across 30 samples, the mean concentration of radium-226 was 17.6 picocuries per gram (pCi/g). EPA's risk assessment conservatively assumed use of phosphogypsum with double that radium concentration. Mosaic Br. 12-13, 51-52; App. 64-69.

Mosaic's construction schedule also fully complied with the approval conditions. Petitioner notes that construction began the week of August 25, 2025. Reply 2, 22. But no construction involved removing or using *phosphogypsum* until after submission of the sampling results. Building a road like this requires significant preparatory activities, such as excavation of the earth where the road will go and contouring the road footprint. Those were the activities that began the week of August 25, 2025, and contrary to the claims of petitioner, Condition 2 did not require submission of the sampling results before Mosaic began those non-phosphogypsum-related activities. The company began construction of the actual road base containing phosphogypsum after the sampling results were submitted. No phosphogypsum was removed from the stack before then and no construction involving phosphogypsum happened before submission of the sampling results. Mosaic complied with all of the requirements in the approval letter.

---

[1] Mosaic can provide the emails described in this surreply at the Court's request.

If petitioner had asked, Mosaic would have explained all of this, but petitioner instead filed a brief carelessly and baselessly accusing Mosaic of violating the pilot project approval.

**B.     Mosaic Notified EPA of the Construction Schedule**

Petitioner also repeatedly asserts that Mosaic failed to notify EPA of its timeline and plans for starting construction, in violation of Condition 3 of the approval letter.  App.113; *see* Reply 2, 22.  That too is wrong.

On July 2, 2025, Mosaic advised EPA by email that it intended to commence road construction on August 18, 2025, and EPA acknowledged receipt.  On August 15, 2025, Mosaic advised EPA that it now anticipated its initial construction activities would begin on August 25, 2025.  Subsequently, Mosaic submitted the sampling results described above and advised that it would begin construction of the road base containing phosphogypsum.  If petitioner had asked Mosaic whether it had submitted the required notices to EPA, Mosaic would have been spared the trouble and expense of drafting this brief and the Court would have been spared the trouble of reviewing it.

# CONCLUSION

This Court should deny the Petition for Review.

Dated: October 20, 2025

Respectfully submitted,

/s/ *Elisabeth S. Theodore*
Elissa J. Preheim
Elisabeth S. Theodore
Samuel I. Ferenc
ARNOLD & PORTER
 KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 942-5000
Fax: (202) 942-5999
elisabeth.theodore@arnoldporter.com

*Counsel for Mosaic Fertilizer, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing brief was filed electronically on October 20, 2025 and will therefore be served electronically upon all counsel.

*/s/ Elisabeth S. Theodore*
Elisabeth S. Theodore

*Counsel for Mosaic Fertilizer, LLC*

**CERTIFICATE OF COMPLIANCE**

This document complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) and Eleventh Circuit Rule 32-4 because it contains 604 words, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), according to the word count feature of Microsoft Word. This document complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6), and Eleventh Circuit Rule 32-3, because it has been prepared in a proportionally spaced typeface using 14-point Times New Roman font.

*/s/ Elisabeth S. Theodore*
Elisabeth S. Theodore

*Counsel for Mosaic Fertilizer, LLC*