Case No. 25-10515

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

CENTER FOR BIOLOGICAL DIVERSITY,

*Petitioner,*

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, and

LEE ZELDIN, in his official capacity as Administrator
of the United States Environmental Protection Agency,

*Respondents*.

MOSAIC FERTILIZER, LLC*,*

*Intervenor-Respondent.*

## PETITIONER'S RESPONSE TO INTERVENOR-RESPONDENT'S SURREPLY

Ragan Whitlock
Ryan Maher
CENTER FOR BIOLOGICAL DIVERSITY
P.O. Box 2155
St. Petersburg, FL 33731
Tel: (727) 426-3653
Email: rwhitlock@biologicaldiversity.org

*Counsel for Petitioner*

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1, 26.1-2, and 26.1-3, Petitioner Center for Biological Diversity certifies that it has no parent corporation, and no publicly held corporation owns 10% or more of its stock. Further, the following is a complete list of interested persons pursuant to Eleventh Circuit Rule 26.1-2(a) that have an interest in the outcome of this appeal:

Arnold & Porter Kaye Scholer LLP (Attorneys for Intervenor-Respondent)

Center for Biological Diversity (Petitioner)

Ferenc, Samuel I. (Attorney for Intervenor-Respondent)

Gustafson, Adam (Counsel for Respondents)

Luna, Mario Alfonso (Counsel for Respondents)

Maher, Ryan (Attorney for Petitioner)

McLean, Megan (Counsel for Respondents)

Mosaic Fertilizer, LLC (Intervenor-Respondent)

Preheim, Elissa J. (Attorney for Intervenor-Respondent)

Stander, Robert N. (Counsel for Respondents)

The Mosaic Company, MOS (Parent company of Intervenor-Respondent)

Theodore, Elisabeth S. (Attorney for Intervenor-Respondent)

United States Environmental Protection Agency (Respondent)

Whitlock, Ragan (Attorney for Petitioner)

Zeldin, Lee; Administrator, Environmental Protection Agency (Respondent)

/s/ Ragan Whitlock
Ragan Whitlock

**PETITIONER'S RESPONSE TO INTERVENOR-RESPONDENT'S SURREPLY**

Petitioner Center for Biological Diversity (Center) provides this Response to Intervenor-Respondent Mosaic Fertilizer, LLC's (Mosaic) Surreply.

First, contrary to Mosaic's Surreply, the Center did not (and does not) contend that Mosaic failed to properly notify the Environmental Protection Agency (EPA). Rather, as previously indicated, it was EPA's internal "handling error" that resulted in Mosaic's construction schedule failing to reach the relevant EPA office. This failure also resulted in EPA's failure to provide agreed-upon notice of receipt of Mosaic's schedule to the Center, which was a condition for the Center's non-opposition to an extended briefing schedule. The Center agreed to these terms to avoid the exact situation that has now manifested: Mosaic has begun construction of the road project at issue without EPA's relevant office or the Center knowing that construction had begun.

The Center did not assert that "Mosaic failed to notify EPA of its timeline and plans for starting construction," Mosaic Surreply at 3, or that "Mosaic failed to conduct radium sampling required by EPA's approval letter." *Id*. at 3. Instead, the Center informed this Court that EPA's Office of Radiation and Indoor Air—the office issuing the Notice of Approval under review, 89 Fed. Reg. 104535 (Dec. 23, 2024), and allegedly overseeing this project—failed to receive Mosaic's notice. This admission came directly from EPA counsel, who explained that Mosaic's

Brief was the first time he, or the "correct" EPA staffers, had heard that construction had started.[1] It is EPA's agency action under review, and EPA's mishandling that is indicative of the broader failures apparent in the Notice of Approval. The Center discussed these failures and EPA's admission to further support its argument that "EPA clearly has no post-approval mechanisms to ensure this project protects the public." Reply Br. at 2.

Moreover, contrary to the assertion that the Center could have simply asked for the schedule, the Center was repeatedly told by EPA counsel that it would only be informed upon receipt of the construction schedule, but that the actual schedule would not be provided.[2] Instead, the Center was to wait until the schedule was posted publicly on the EPA's webpage following agency review. The schedule has still not been posted at the time of this filing.[3]

Additionally, Mosaic introduces new information not before the agency at the time of the Notice of Approval and following the culmination of the Court's briefing schedule, claiming it submitted testing results to EPA the same day that it

---

[1] These communications remain on file with the Center should the Court request them.

[2] This communication remains on file with the Center.

[3] *See* EPA, Radiation Protection: Phosphogypsum, https://www.epa.gov/radiation/ phosphogypsum. The Center requests that the Court take judicial notice of the federal government's websites as a "source[] whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *Sabra v. Pompeo*, 453 F. Supp. 3d 291, 302 (D.D.C. 2020) (taking notice of federal government's "official website").

filed its brief—and one business day before construction with phosphogypsum was set to begin.[4] Mosaic Surreply at 2. EPA's Office of Radiation and Indoor Air purportedly received these results on October 1, 2025, more than two weeks after construction with phosphogypsum was set to start. Consistent with the Center's claims in this case, as well as basic principles of review of agency action, this extra-record information should be considered by the EPA at the appropriate time—following vacatur and/or remand of the Notice of Approval. *See Salmeron-Salmeron v. Spivey*, 926 F.3d 1283, 1286 (11th Cir. 2019) (recognizing courts "must review only the information that was before the agency at the time of its decision in assessing whether that decision was permissible.") (citing *Camp v. Pitts*, 411 U.S. 138, 142 (1973)).

While this new information has no bearing on the Center's claims, is outside the record, and was untimely provided, it highlights the continued confusion of this Road Project's status and EPA's clear lack of reserved authority following its Notice of Approval.[5] EPA's inability to regulate this project further demonstrates

---

[4] This communication, which accompanied EPA's second denial to provide the Center with Mosaic's actual construction schedule, remains on file with the Center.
[5] Mosaic first told this Court it "started construction on this project the week of August 25, 2025." Mosaic Br. at 19. EPA and Mosaic previously represented construction of the road was to only last a "period of a few weeks to a month," when limiting the analyzed radiation exposures. Appx. Doc. 4, at 6-7; Opening Br. at 46. Mosaic now clarifies that it meant only "preparatory activities" began the week of August 25, which was not mentioned in the application, EPA's assessment, or any of the briefing until the Surreply Brief. Mosaic Surreply at 2.

why the Notice of Approval's terms are arbitrary and insufficient to protect public health.

Respectfully submitted,

*/s/ Ragan Whitlock*
Ragan Whitlock
CENTER FOR BIOLOGICAL DIVERSITY
P.O. Box 2155
St. Petersburg, FL 33731
Tel: (727) 426-3653
Email: rwhitlock@biologicaldiversity.org

Ryan Maher
CENTER FOR BIOLOGICAL DIVERSITY
1411 K Street, NW, Suite 1300
Washington, DC 20005
Tel: (781) 325-6303
Email: rmaher@biologicaldiversity.org

*Counsel for Petitioner Center for Biological Diversity*

DATED: October 22, 2025

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed electronically on October 22, 2025 and will therefore be served electronically upon all counsel.

*/s/ Ragan Whitlock*
Ragan Whitlock

**CERTIFICATE OF COMPLIANCE**

This document complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) and Eleventh Circuit Rule 32-4 because it contains 796 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f). This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14.

*/s/ Ragan Whitlock*
Ragan Whitlock